IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SETH D. HARRIS, Acting Secretary of Labor, United States Department of Labor,<br><br>             Petitioner(s),<br>v.<br>SAYED HASAN ABBAS dba AAA YELLOW CAB, et. al.,<br><br>             Respondent(s). | CASE NO. 5:13-mc-80030 EJD<br><br>**ORDER FINDING CASES NOT RELATED**<br><br>[Docket Item No(s). 11] |

    Petitioner Seth D. Harris, in his capacity as Acting Secretary of Labor (the "Secretary"), presently moves the court to consider whether the above-entitled action ("13-80030") is related to a later-filed subpoena enforcement action, Case No. 3:13-mc-80060 SI ("13-80060"), which is currently pending in the San Francisco Division before Judge Susan Illston. See Docket Item No. 11.

    In this district, cases are considered "related" when two elements are satisfied:

        (1) The actions concern substantially the same parties, property, transaction or event; and

        (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Civ. L. R. 3-12(a).

    Here, the first element of Rule 3-12(a) is easily satisfied. Without doubt, the same parties,

United States District Court
For the Northern District of California

events and issues are involved in both actions; indeed, the actions are essentially identical, 13-80060 being the reincarnation of 13-80030.

But while the actions meet the definition contained in the first element of Rule 3-12(a), the circumstances surrounding them do not satisfy the second element. As the docket in 13-80030 reflects, this court dismissed the Secretary's original Petition due to lack of personal jurisdiction. See Docket Item No. 9. Although this dismissal came with the caveat that the Secretary could re-file another Petition and commence a new action (which he did), this result nonetheless terminated this court's involvement in the parties' ongoing dispute. Since the jurisdictional defect was foundational and dispositive, no further action or analysis was necessary. Accordingly, this court did not acquire any insight from its limited involvement in 13-80030, such that the reassignment of 13-80060 would be efficient. In fact, save for some passing commentary during the one limited hearing it held with these parties, the court never reached the substance of the action.

For these reasons, there is neither an "unduly burdensome duplication of labor and expense" nor a potential for "conflicting results" that could materialize if the cases remain assigned to different Judges. The court therefore finds that 13-80030 and 13-80060 are not related pursuant to the definition contained in Rule 3-12(a). No reassignments shall occur, and a copy of this Order shall be filed in both cases.

**IT IS SO ORDERED.**

Dated: May 29, 2013

_____
EDWARD J. DAVILA
United States District Judge