ERIC F. HARTMAN, ESQ. (SB # 083571)
**LAW OFFICE OF ERIC F. HARTMAN**
300 S. FIRST STREET, #210
SAN JOSE, CA. 95113
(408) 297-7254 / Fax (408) 297-0608
e-mail        jhart75442@aol.com
Attorney for Respondents, Sayed Hasan Abbas;  AAA Legacy Limousine Inc.,
                    Stanford Yellow Cab Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH D. HARRIS, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR;<br><br>           Petitioner,<br><br>vs.<br><br>SAYED HASAN ABBAS dba AAA YELLOW CAB; ALL BAY TAXI CAB; ALL BAY YELLOW CAB; LOS ALTOS YELLOW CAB; STANFORD YELLOW CAB; STANFORD YELLOW CAB PALO ALTO; YELLOW AAA CAB; YELLOW CAB; YELLOW CAB ALLBAY; YELLOW CAB OF STANFORD; YELLOW CAB SANTA CLARA; AAA  LEGACY LIMOUSINE INC.; STANFORD YELLOW CAB INC.; FIRST CHOICE LOGISTICS INC.;<br><br>           Respondents. | CASE NO.   CV13 80 060 MISC-SI<br><br>RESPONDENTS MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO SECRETARY'S  PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS DUCES TECUM ISSUED BY THE WAGE AND HOUR DIVISION OF THE UNITED STATES DEPARTMENT OF LABOR BASED ON ① COERCIVE AND UNLAWFUL CONDUCT BY PETITIONERS AND THEIR ATTORNEY ② REQUEST FOR SANCTION AGAINST PETITIONERS PETITIONERS AND THEIR  ATTORNEY ③ REQUEST FOR DISMISSAL WITH PREJUDICE ④ FAILURE TO OBTAIN A COURT ORDER TO SHOW CAUSE ⑤ LACK OF RELEVANCY AND INVASION OF PRIVACY OF INDEPENDENT CONTRACTOR CAB-DRIVERS<br><br>Hearing Date :    August 16, 2013<br>Time           :    09:00 a.m.<br>Courtroom   :    10<br>Judge          :    Hon. Susan Illston |

**Respondents' Points and Authorities in Opposition to Secretary's
Petition to Enforce Administrative Subpoena Duces Tecum**                                   -1-

# I.

**The defective, meritless Petition and supporting papers must be dismissed with prejudice and sanctions awarded against Petitioners and Petitioners' attorney because of their coercive and improper conduct and violating Respondent's procedural due process of law rights and all done with a dishonest purpose with the strategy of the Department of Labor-Wage & Hour Division that the "end justifies the means" . There is no Order to Show Cause Order issued in this Case No. 2/Petition #2 (San Francisco) and results in a hearing on the subject Petition and then a subsequent OSC Hearing which is procedurally wrong.**

The same **filing** was **first** filed by Petitioners in U.S. District Court - Northern District of California - **San Jose Division** - Case No. CV13-80030-MISC-EJD  (March 15, 2013 11:00 am. Courtroom 4) and including a signed **Order to Show Cause** (**Exhibit #1**).

San Jose Division - Case5:13-MC-80030-EJD (Document 7) Petition filed 03/06/13 by Respondent in the **San Jose case** was heard on March 15, 2013 at Courtroom 4.

At March 15, 2013 11:00 a.m. Hearing re: OSC, Judge Edward Davila **dismissed** Petitioners' Petition for lack of jurisdiction without prejudice to re-file Case5:13-MC-80030-EJD Document 9 filed 03/15/13) but Judge Davila stated on the record essentially:

> *"to Petitioners, do it all over again, I mean not the same*
> *but all over again from the beginning, I think the subpoenas*
> *are too broad". It was clear that Judge Davila wanted all the*
> *"gestapo tactics is not repeated by Petitioners, the Judge did not*
> *rule on the merits of the case but only on jurisdiction.*

**Next** on March 22, 2013 Petitioners filed the same Petition in U.S. District Court - San Francisco Division (**Petition #2**) - Case No. CV13-80060MISC-SI  and never served a legal Petition on Respondent and never served any Notice of Hearing on Respondents and never served an Order to Show Cause - **because it does not exist**.

Petitioners violated U.S. District Court Local Rule 3-3(c) Re-filed Actions by refiling (**Petition #2**) in U.S. District Court - San Francisco Division instead of refiling in the original

**Respondents' Points and Authorities in Opposition to Secretary's**
**Petition to Enforce Administrative Subpoena Duces Tecum**                                                    -2-

court - San Jose Division. **Petitioners were forum and Judge "shopping"** because they knew that Judge Davila's Department (San Jose Division - Courtroom 4) would hear the **"same Petition re-filed"** on the merits and rule against them. No **Notice of Related Case** was filed in the San Francisco Division in violation of the US District Court Local Rule 3-3(c):

> (c) **Refiled Action.** If any civil action or claim of a civil action is dismissed and is subsequently refiled, the refiling party must file a Notice of Related Case pursuant to Civil L.R. 3-12. Upon a determination by a Judge that an action or claim pending before him or her is covered by this Local Rule, that Judge may transfer the refiled action to the Judge originally assigned to the action which had been dismissed. Any party who files an action in multiple divisions and dismisses an action and subsequently refiles for the purpose of obtaining an assignment in contradiction of Civil L.R. 3-3(b) shall be subject to appropriate sanction.

Local Rule 3-12 - requires filing of Notice of Related Case (not done by Petitioners) and Local Rule 3-15 transfer of action to another district requires court order.

Local Rule 7 - Motion Practice requires the Notice of Hearing including date and time of hearing on Motion (not done by Petitioners).

FRCP Rule (c) Sanctions - permits sanctions for violation of (b) - Representations to Court and (B) and on Court's initiative !

**Case No. 2/Petition #2 - CV13-80060-MISC-SI** was not fully heard on May 10, 2013 but was ordered back to San Jose Division (Judge Davilla) re: **related case status** and was decided that they are the **identical same case but denied they were related since Judge Davilla spent little time on the merits**. The **Case No. 2/Petition #2** back to San Francisco.

The Respondent's allegations of **"gestapo tactics"** by Petitioners in the San Jose Division Petition / Case No. CV13-80030-MISC-EJD as set forth in the Declaration of Attorney Eric F. Hartman and Respondent (attached) is **un-rebutted** by Petitioners. These **"tactics"** continue today in this Northern District Court - San Francisco Division/ Case No. CV13-80060-MISC-SI (**Case #2/Petition #2**) as set forth above. Enough is enough.

Petitioners should be sanctioned (**monetary sanction**) and the Petition dismissed with prejudice. As set forth in the Declaration of Attorney Eric F. Hartman and Respondent, the subpoenas for Independent Contractor drivers records are irrelevant because Independent Contractor drivers are not employees but Independent Contractor driver.

Disclosure of Independent Contractor drivers by a non-employer Respondent would violate the Independent Contractor drivers' right of privacy.

The totality of the bad and improper and illegal conduct of the Wage & Hour Division's agent/director as set forth in the Declarations deprived the Respondents of their constitutional rights of procedural and substantive due process of laws and the Petitioners' act that being are **"above the law"**. Such illegal and unconstitutional conduct by Petitioners should bar any claim of the Petitioners for any Independent Contractor drivers records assuming that those records can be legally obtained by Petitioners (<u>which they cannot be legally obtained</u>). The Petition should be dismissed along with any Order to Show Cause.

Respectfully submitted,

Dated: July 29, 2013     By:   /s/ *Eric F. Hartman*
                               ERIC F. HARTMAN
                               Attorney for Respondents
                               Sayed Hasan Abbas
                               AAA Legacy Limousine Inc.
                               Stanford Yellow Cab Inc.

**Respondents' Points and Authorities in Opposition to Secretary's
Petition to Enforce Administrative Subpoena Duces Tecum**                -4-